UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FAYE CAFFERTY and DOANE CAFFERTY,

                              Plaintiffs,

              vs.                                                08-CV-179

CAYUGA MEDICAL CENTER, ARLEO EYE INSTITUTE,
ROBERT ARLEO, M.D. and ALCON LABORATORIES, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Faye and Doane Cafferty commenced the instant action seeking to recover damages
for injuries claimed to have been caused by a surgical procedure performed by Defendant Robert Arleo,
M.D., using a lens and solution manufactured by Defendant Alcon Laboratories, at Defendant Cayuga
Medical Center's facility.  A jury trial was held from December 5, 2011 through December 13, 2011.
The jury rendered a verdict in favor of Defendants and judgment was entered accordingly.    Presently,
before the Court is Plaintiffs' motion for a new trial pursuant to Fed. R. Civ. P. 59.

## I.        FACTS

        On October 12, 2005, Plaintiff underwent clear lens extraction to her left eye which
involved a lens implant.  Thereafter, Plaintiff was diagnosed with Toxic Anterior Segment Syndrome
("TASS").  TASS is an inflammation that occurs when unwanted material gains access to the chamber
of the eye causing a toxic reaction.  As a result, Plaintiffs commenced this action to recover damages.

At trial, Plaintiffs attempted to show that a toxic substance entered Plaintiff's eye and caused permanent damage as a result of Defendants' negligence during the procedure.  Plaintiffs relied on the theory of *res ipsa loquitur* and presented evidence that the injury is not the type that occurs in the absence of negligence and the cause of the injury was in the exclusive control of Defendants. Defendants countered with expert testimony that TASS does occur in the absence of negligence and the cause of Plaintiff's injury is unknown, therefore, Plaintiffs cannot prove that an instrumentality within Defendants' control caused the injury.  The Court instructed the jury on *res ipsa loquitur*.  The jury returned a verdict in favor of Defendants.  Plaintiffs now move for a new trial pursuant to Fed. R. Civ. P. 59.

## II.       STANDARD OF REVIEW

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  FED R. CIV. P. 59(a)(1)(A).  The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice."  DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998).  "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence."  Id.

"Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict.  Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict  winner. A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious."  Id.

- 2 -

**III.      DISCUSSION**

        Plaintiffs move for a new trial on the grounds that the jury disregarded the Court's instructions, the burden of proof, and the evidence submitted during trial.  Plaintiffs argue that there were undisputed facts that demonstrate that the jury's verdict is irrational and a new trial should be granted.  Defendants contend that there is no indication that the jury disregarded the Court's instructions and the jury verdict reflects a reasonable inference consistent with the trial evidence.

        To succeed on a theory of *res ipsa loquitur* a plaintiff must demonstrate that: "(1) the event is of a kind that ordinarily does not occur in the absence of someone's negligence; (2) the event is caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event is not due to any voluntary action or contribution on the part of the plaintiff."  Dermatossian v. New York City Transit Authority, 67 N.Y.2d 219,  227 (N.Y. 1986).  Once the elements are established an inference of negligence may be drawn based upon the theory that some accidents, by their very nature, would ordinarily not happen without negligence.  Dittinger v. Isal Realty Corp., 290 N.Y. 492, 495 (N.Y. 1943).  "*Res ipsa loquitur* does not create a presumption in favor of the plaintiff but merely permits the inference of negligence to be drawn from the circumstance of the occurrence."  Dermatossian, 67 N.Y.2d at 226.

        Plaintiffs argue that the jury disregarded the Court's instructions because Plaintiffs presented undisputed evidence demonstrating that the injury does not ordinarily occur in the absence of negligence and Plaintiff's TASS was caused by an instrumentality within the exclusive control of Defendants.  At trial, Plaintiffs' expert testified that, generally, TASS does not occur in the absence of negligence and that the negligence in Plaintiff's case must have been related to the instruments or

- 3 -

solution used during surgery, which are the events most frequently associated with causing TASS. Defendants' expert testified that he examined numerous cases involving TASS where negligence was not identified.  Defendants further argued that there was insufficient evidence of negligent handling of the instruments or solution.  All experts agreed that the actual cause of Plaintiff's TASS was unknown. Moreover, all experts testified that there are possible causes of TASS outside the exclusive control of Defendants.  In fact, Plaintiffs' expert testified that "if the hospital staff follows accepted standard of practices TASS can still occur".  Although Defendants may have had exclusive control over the surgical instruments or solution used during surgery, it was reasonable for the jury to conclude that those items did not cause Plaintiff's TASS.

Plaintiffs also argue that the jury's reliance on Defendants' expert testimony was misplaced because the expert based his opinion on an examination of medical records, which is an inaccurate method to determine the cause of TASS.  This argument goes to the jury's credibility determination. During the trial, the jurors were aware of the basis of the expert's opinion and they were free to weigh the credibility of that opinion.  A jury's "assessment of witnesses credibility and its choices between competing factual inferences are not to be second-guessed."  Lore v. City of Syracuse, 2012 WL 310839, at *11; see e.g., Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).  The jury had ample evidence at trial to conclude that TASS does ordinarily occur in the absence of negligence.

Plaintiffs have not demonstrated that the jury's verdict was egregious.  The testimony and weight of the evidence presented readily supports the jury's verdict that Plaintiff failed to meet the burden of proof for the elements of *res ipsa loquitur*.  Even if Plaintiffs had established such elements,

- 4 -

the jury was not required to infer negligence from the circumstances presented.  <u>Dermatossian</u>, 67 N.Y.2d at 226.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for a new trial is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2012

Thomas J. McAvoy
Senior, U.S. District Judge